UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 18-20127
                                              Honorable Victoria A. Roberts

JACK ROBINSON, D-2,

    Defendant.
_____/

### ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE [ECF. No. 55]

On October 25, 2018, this Court sentenced Jack Robinson to 10 months in prison after Robinson pled guilty to possession with intent to distribute controlled substances (aiding and abetting) in violation of 21 U.S.C. § 841(a)(1)(2) (Count 2) and 18 U.S.C. § 2 and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(l) (Count 7). (R. 45: Rule 11 Plea Agreement) under 21 U.S.C. § 841 (a)(1). He began his three-year term of supervised release on February 7, 2019.

On August 3, 2020 – without consulting his probation officer or the government – Robinson filed the motion now before the Court. Robinson

erroneously says in his motion that he "is in good standing and in compliance with all conditions of supervised release." (ECF No. 55, page 307) Because Robinson has failed to comply with terms of supervision, has a history of non-compliance - and because his supervising officer and the government oppose early termination, the Court **DENIES** Robinson's motion.

Probation reports that since his release, Robinson's has tested positive for drugs ten times. Probation did not seek revocation. Instead, the Court placed Robinson in a Residential Reentry Center (RRC) for 180 days as a modification of his supervised release. To his credit, Robinson tested negative when released from the RRC right before the Covid-19 shut down. Probation tested him twice since then, on September 3, 2020 and October 1, 2030. Both tests were negative.

Robinson has a pattern of non-compliance. Robinson had a probation violation in May 2011 when he was under court supervision following a 2010 conviction for Possession of Narcotics. A court convicted him in 2015 for home invasion. He violated that court's order of supervision. He violated again in 2017 following a controlled substance conviction.

Finally, Robinson violated his supervision when he committed the offenses leading to his federal charges.

18 U.S.C. § 3583(e) states that a Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of **one year** of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)  *United States v Mikel Lowe*, 632 F.3d 996, 999 (7th Cir. 2011).

Based on the conduct of Robinson since his release, the Court is not satisfied that his early release would be in the interests of justice. His most recent efforts to remain in compliance are commendable. However, the Court believes that interests of justice would be best served if probation continues monitoring Robinson and providing him with services through the Court.

The Court **DENIES** Robinson's motion.

**ORDERED**.

                                                               s/ Victoria A. Roberts
                                                               Victoria A. Roberts
                                                                United States District Judge

Dated: 12/24/2020